There is sufficient evidence to sustain a finding that the car on which plaintiff was a passenger was suddenly and with great and unusual violence moved in a manner substantially as alleged in the declaration; and the evidence of the injuries sustained by the plaintiff as a proximate result of the violent impact is sufficient to support the amount of damages awarded by the verdict.

The charges given by the court accord with the views herein expressed, and sufficiently cover the issues presented. Requested charges that were refused had been in substance given in other proper charges and no material error in the proceedings appears.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.

---

HERMAN MERRELL AND MARY B. MERRELL, HIS WIFE, *Appellants*, v. GEORGE F. REED, *Appellee*.

Decision Filed June 8, 1921.

Petition for Rehearing Denied July 18, 1921.

An Appeal from a Decree of the Circuit Court within and for the County of Pinellas; O. K. Reaves, Judge.

*Herman Merrell*, for Appellants;

*E. F. Wilson*, for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the decree aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the court that the said decree of the Circuit Court be, and the same is hereby affirmed.

All concur.

A. SUMMERLIN AND STRELITZ BROTHERS, INC., A CORPORATION, *Appellants*, v. CLARA C. SMITH, *Appellee*.

Decision Filed June 8, 1921.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

*R. B. Huffaker*, for Appellants;

*Wm. M. Gober*, for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the decree aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the court that